BANK OF MAUSTON, Plaintiff, vs. MARACHOWSKY and wife, Defendants and Appellants: DEVINE, Trustee in bankruptcy, Defendant and Respondent.

*February 8—March 6, 1951.*

For the appellant J. H. Marachowsky there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs*.

For the appellant Belle Marachowsky there was a brief by *Curran & Curran* of Mauston, and oral argument by *Charles P. Curran*.

*Ross Bennett* of Portage, for the respondent.

HUGHES, J. J. H. Marachowsky owned the property here involved at the time the mortgage was executed. He is at all times continued in record title.

In 1937 he, his father, and two brothers were the owners and operators of several businesses, some individually and some as partnerships. Among these was the Portage Wholesale Company, a partnership owned by Jule Marachowsky and A. Marachowsky.

In June, 1937, Portage Wholesale Company, a corporation, was organized. The organizers and stockholders were A. Marachowsky, Jule Marachowsky, J. H. Marachowsky, and William J. Raup.

The corporate record book of the Portage Wholesale Company contains a subscription agreement signed by J. H. Marachowsky and the other stockholders which indicates that the ten shares of stock which J. H. Marachowsky agreed to take were to be paid for "by the transfer to said corporation of the following described property to wit:

" . . . (a) The land, restaurant building, service station and three bulk storage tanks located at Mauston, Wisconsin, subject to a mortgage for $4,000 to the Lyndon State Bank, Lyndon Station, Wisconsin, at the sum of $6,123.59 for that part of the property known as the land, restaurant building, and three bulk storage tanks, and $2,000 for that part of the property known as the oil station."

At the organization meeting J. H. Marachowsky was elected chairman and signed the minutes as such. The minutes contain the following statement:

"Thereupon, the subscription to the stock of said corporation was presented to said meeting, and upon motion duly made and carried, the subscription to the stock of said corporation as set forth in the subscription agreement dated June 1, 1937, was accepted by and in behalf of said corporation."

J. H. Marachowsky was elected a director and president of the corporation, which positions he held until 1947.

The balance sheet issued by the corporation carried this property as an asset of the corporation.

In June, 1939, the stock-subscription agreement and organization of the company were amended. In the amended subscription agreement the property in question was not offered by J. H. Marachowsky but was offered by Jule and A. Marachowsky to, and accepted by, the corporation.

The property was used as a wholesale oil plant by A. & M. Oil Company, a corporation controlled by J. H. Marachowsky. The trial court found that A. & M. had at all times paid rent to the Portage Wholesale Company and that the wholesale company had paid taxes. At the trial J. H. Marachowsky testified that such payments were merely advances made on his behalf and were always charged against his personal account.

Some of the corporation records were missing. Marachowsky contended that all of the corporation records were in the possession of the trustee. The trustee in turn claimed that he produced all of the records in his possession.

The trial court, in evaluating the testimony of J. H. and Jule Marachowsky, took into consideration the fact that the Portage Wholesale Company had been adjudicated bankrupt and that J. H. Marachowsky had a personal interest in attempting to salvage the oil station and restaurant here involved.

The trial court concluded that by his conduct as officer of the corporation J. H. Marachowsky is estopped from asserting personal ownership of that which he held out as an asset of the corporation over the years.

The court further determined that the rights of the creditors of J. H. Marachowsky were derivative and could not exceed his rights in the matter.

In both conclusions the court was correct. Its judgment holding that ownership of the property subject to the rights of the plaintiff vests in the trustee in bankruptcy must therefore be affirmed.

*By the Court.*—Judgment affirmed.